UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO ABEL VELEZ
CORONEL,

       Petitioner,

   v.                                                      Case No.:  2:26-cv-00719-SPC-NPM

KEVIN GUTHRIE *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court is Ricardo Abel Velez Coronel's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Velez Coronel's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Velez Coronel is a native and citizen of Ecuador.  He entered the United States on a B-2 visa in 2018 and applied for asylum.  The application remains pending.  On March 7, 2026, a Polk County Sheriff's Deputy encountered Velez Coronel during a traffic stop, learned of his immigration status, and contacted Immigration and Customs Enforcement ("ICE").  ICE issued an I-200 warrant, and the deputy arrested Velez Coronel and took him to Polk County Jail.  On March 9, 2026, ICE took custody of Velez Coronel and issued a notice to appear.

Velez Coronel argues the I-200 warrant is invalid, and his arrest without a valid warrant violated his Fourth and Fifth Amendment rights.  The parties

agree his detention is governed by 8 U.S.C. § 1226(a), which states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The timing of the warrant and the arrest is important.  8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).

I-200 warrants issued without a contemporaneous or previously issued notice to appear are invalid.  *Castanon Nava v. Dep't of Homeland Sec.*, 806 F. Supp. 3d 823, 848-53 (N.D. Ill. 2025).  It makes sense.  § 1226(a) authorizes detention of an alien "pending a decision on whether the alien is to be removed from the United States."  A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention.  An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.[1]

---

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained.  *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii).  The respondents do not claim the arresting officer had the requisite probable cause here.

Velez Coronel argues his arrest was unlawful because it occurred two days before ICE issued a notice to appear. Courts in this district and elsewhere have ordered ICE to release detainees who were arrested under I-200 warrants before issuance of a notice to appear. *See Alejandro Arellano v. Quinones*, No. 26-cv-512-GAP-DCI (M.D. Fla. Mar. 9, 2026); *Landaverde Ardon v. Mina*, No. 6:26-cv-313-JSS-LHP, 2026 WL 530199 (M.D. Fla. Feb. 26, 2026); *Arango v. Genalo*, No. 25-cv-6720 (RER), 2025 WL 3637500 (E.D.N.Y. Dec. 16, 2025); *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

The respondents do not contest Velez Coronel's legal argument. Rather, they argue the arrest was proper because ICE took custody of Velez Coronel on March 9, 2026, the same day it served both the notice to appear and the I-200 warrant. But that misses the point. The warrant may have been served on March 9, 2026, but it was issued and executed on March 7, 2026, two days before issuance of the notice to appear. The warrant is thus invalid, and Velez Coronel's arrest was unlawful. *See Gopie*, 2025 WL 3167130, at *3 ("ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.").

Accordingly, it is hereby

**ORDERED**:

3

Ricardo Abel Velez Coronel's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)     The respondents shall release Velez Coronel within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4